UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY HOPKIN, as the representative of, and on behalf of: Rosa H., Terry J., Breanna M., Ariel N., Greg O., Tyler W., Gerald H., Allison M., Cameron B., Mason B., Walter F., Tamara G., Kassia G., Katherine G., Korryn G., Peter H., Taff H., Richard J., Terry J., Kiera J., Paula M., Virginia M., Michelle O., Ronald P., Teri S., Peter S., Haley B., Rosalba O., Millie W., Terry J., Natasha S., Nicholas F., Nathaniel D., Kody R., and JEFFERY HOPKIN in his capacity as a designated Beneficiary,<br><br>        Plaintiffs,<br>vs.<br><br>BLUE CROSS OF IDAHO HEALTH SERVICE, INC., or in the alternative, BLUE CROSS OF IDAHO CARE PLUS, INC., both Idaho corporations,<br><br>        Defendants. | Case No. 4:17-cv-00300-EJL<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Defendant Blue Cross of Idaho Health Service, Inc.'s ("Blue Cross of Idaho") Motion to Dismiss. The parties filed responsive briefing and the motion is now ripe for decision. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively

**MEMORANDUM DECISION AND ORDER- 1**

finds that the decision making process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

## BACKGROUND

Plaintiff Jeffery Hopkin ("Dr. Hopkin") is the owner of Upper Valley Family Practice. (Dkt. 1, ¶ 1-2.) Dr. Hopkin was the healthcare provider for the named individual patients, plan participants, and/or beneficiaries for all the claims at issue. (Dkt. 9, ¶ 2, 3.) Dr. Hopkin contends that these individuals appointed him as their beneficiary and to act as their personal representative for the purpose of bringing the claims at issue. (Dkt. 9, ¶ 4.)

In November 2011, Upper Valley Family Practice entered into a Professional Health Care Provider Contract ("Provider Contract") with Defendant Blue Cross of Idaho Health Service, Inc. ("Blue Cross of Idaho"). (Dkt. 6-3, Ex. A; Hopkin Decl., Dkt. 19-15, ¶ 4.) Pursuant to the Provider Contract, Upper Valley Family Practice performed medical services for enrollees in health plans insured or administered by Blue Cross of Idaho. (Dkt. 14-1.; *see generally* Dkt. 9, ¶ 44-50, Dkt. 6-5, Ex. C.) Dr. Hopkin provided medical services at Upper Valley Family Practice and Upper Valley Family Practice billed Blue Cross of Idaho for those medical services. (Dkt. 6-4; Hopkin Decl., Dkt. 19-15, ¶ 3.) Blue Cross of Idaho paid each of the claims at issue in this case during 2013. (Dkt. 6-4.)

On December 30, 2013, Blue Cross of Idaho sent Upper Valley Family Practice a letter stating that "benefits have been incorrectly applied to claims submitted by your office for Antigen leukocyte cellular antibody (ALCAT) automated food tests[,]" which Blue Cross of Idaho considers investigational. (Dkt. 6-4.) The letter further informed Upper Valley Family Practice that, under Blue Cross Medical Policy, they were prohibited from

**MEMORANDUM DECISION AND ORDER- 2**

seeking payment or reimbursement for investigational services under the Professional Health Care Provider Contract ("Provider Contract"). (Dkts. 9, 6-4, 14-1.) As a result of its adverse benefit determination, Blue Cross of Idaho began recouping the previously paid amounts by withholding monies for properly billed claims for other patients and plan participants from January through March of 2014 and then again from May through July of 2014. (Dkt. 9, ¶ 19, 22.)

On July 17, 2017, Dr. Hopkin, as a representative of and on behalf of named patients and also on behalf of himself as a designated beneficiary, filed suit against Blue Cross of Idaho. (Dkt. 1.) Dr. Hopkin brought suit pursuant to 29 U.S.C. §§ 1106(b), 1132 and 28 U.S.C. § 2201 for declaratory relief, injunctive relief, attorney's fees, and damages alleging Blue Cross of Idaho violated its fiduciary duties, ERISA, and the Claims Procedure Regulation by making the reverse benefit determinations at issue and recouping monies for the alleged overpayments. (Dkt. 9.) Dr. Hopkin asks the Court to declare that Blue Cross of Idaho "has no legal authority to reverse health benefit plan claims determinations it previously, repeatedly, and voluntarily made under the applicable health benefit plans" and to enjoin Blue Cross of Idaho from doing so; to enjoin Blue Cross of Idaho from recouping and/or off-setting payments from other plan participants; and to recover the monies Blue Cross of Idaho has already withheld and obtain benefits owed to Dr. Hopkin. (Dkt. 9.)

On October 6, 2017, Blue Cross of Idaho filed the instant Motion to Dismiss on two bases: (1) failure to state a claim upon which relief can be granted, or, in the alternative, (2) lack of standing. (Dkt. 14-1.) Fundamentally, Blue Cross of Idaho argues that Plaintiff,

**MEMORANDUM DECISION AND ORDER- 3**

as a health care provider and without valid assignments from the plan participants, lacks standing to bring a civil enforcement action under ERISA. (Dkt. 21.)

## STANDARD OF LAW

**1.     FRCP 12(b)(6): Motion to Dismiss for Failure to State a Claim**

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in the pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability standard,' but asks for more than a sheer possibility that a defendant has acted lawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

Although the Court "must take all of the factual allegations in the complaint as true" it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."

*Caviness v. Horizon Comm. Learning Cent., Inc.,* 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Rule 12(b)(6). *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). A Court may, however, "consider attachments to the complaint and documents referred to in (but not attached to) the complaint, where the authenticity of such document is not in question." *Mueller v. Correction Corp. of America*, 2013 WL 431796, at *1 (D. Idaho 2013) (citing *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997)). But, where the parties rely on materials outside the pleadings and the Court considers that evidence, the Court must convert a 12(b)(6) motion into one for summary judgment under Rule 56. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

Dr. Hopkin referred to the Provider Contract, the Appointment and Designation Forms, and the health plans in the Amended Complaint. Further, Dr. Hopkin does not question the authenticity of these documents. Accordingly, the Court may consider these documents in this motion to dismiss without converting the motion to one for summary judgment.

**2.     FRCP 12(b)(1): Motion to Dismiss for Lack of Standing**

Article III standing is an element of subject matter jurisdiction; therefore, a party's lack of standing may be raised in a motion under 12(b)(1). As a general matter, in considering a 12(b)(1) motion to dismiss, the court need not defer to a plaintiff's factual allegations regarding jurisdiction. However, where the motion to dismiss is based on lack of standing, the reviewing court must defer to the plaintiff's factual allegations, and further

**MEMORANDUM DECISION AND ORDER- 5**

must "presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

"The doctrine of standing is based both on prudential concerns and on constitutional limitations on the jurisdiction of the federal courts." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008). To determine whether a dispute presents a case or controversy sufficient to give rise to constitutional standing, the court applies a three-element test:

> (1) "[T]he plaintiff must have suffered an 'injury in fact'- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical…." *Id.* (quoting *Lujan*, 504 U.S. at 5601-61).
>
> (2) "[T]here must be a causal connection between the injury and the conduct complained of." *Id.*
>
> (3) "[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

## DISCUSSION

**1.  FRCP 12(b)(6): Motion to Dismiss for Failure to State a Claim.**

Dr. Hopkin brings this suit under ERISA, 29 U.S.C. §§ 1132(a)(1)(B), (a)(3), and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Dkt. 9.) Blue Cross of Idaho argues that Dr. Hopkin's claims must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because he lacks the statutory authority or standing to bring suit under ERISA. (Dkt. 14-1.)

"'ERISA provides for a federal cause of action for civil claims aimed at enforcing the provisions of an ERISA plan.'" *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.,* 770 F.3d 1282, 1288 (9th Cir. 2014) (quoting *Reynolds Metals*

**MEMORANDUM DECISION AND ORDER- 6**

*Co. v. Ellis*, 202 F.3d 1246, 1247 (9th Cir. 2000)). "To have standing to state a claim under ERISA, 'a plaintiff must fall within one of ERISA's nine specific civil enforcement provisions, each of which details who may bring suit and what remedies are available.'" *Spinedex,* 770 F.3d at 1288 (quoting *Reynolds Metal*, 202 F.3d at 1247).

ERISA's civil enforcement provision specifies the "[p]ersons empowered to bring a civil action." 29 U.S.C. § 1132(a). The relevant ERISA provisions state:

> (a) A civil action may be brought – (1) by a participant or beneficiary— (A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(1), (3).

Dr. Hopkin maintains he has authority to bring claims under ERISA in his capacity as the plan participants': (1) designated beneficiary, (2) representative, and (3) fiduciary. (Dkt. 19.) As explained more fully below, the Court finds, as a matter of law, that Dr. Hopkin does not have the statutory authority or standing to bring ERISA claims under any of his three asserted theories.

### A. *The Appointment and Designation Form*

It is undisputed that Dr. Hopkin is a healthcare provider and healthcare providers generally are not beneficiaries under ERISA. (Dkt. 19, pp. 8-9.) It is also undisputed that the health plans at issue contain anti-assignment clauses precluding Dr. Hopkin's patients from assigning their claims to him. (*Id.* at pp. 10, 12.)

**MEMORANDUM DECISION AND ORDER- 7**

However, Dr. Hopkin argues that he is not bringing these claims in his capacity as a healthcare provider. (Dkt. 19.) Instead, Dr. Hopkin claims that he is the plan participants' designated beneficiary and personal representative pursuant to an agreement titled:

**Assignment of Health Plan Benefits and Rights
as Well as An
Appointment and/or Designation as My Personal Representative and an
ERISA/ APPACA Representative and Beneficiary**

(Dkt. 9-1) (the "Appointment and Designation Form").[1]

The Appointment and Designation Form is a contract between Dr. Hopkin and Upper Valley Medical Clinic on the one hand and the patients on the other. (Dkt. 9-1; Dkt. 19, p. 3 ("Each patient independently signed a contractual agreement with Plaintiff, Dr. Hopkin, and his clinic….") The Appointment and Designation Form refers to Dr. Hopkin and Upper Valley Family Practice, among others, as "Healthcare Provider." (Dkt. 19-1, ¶¶ 9-10.)

There are three provisions in the Appointment and Designation Form relevant to the instant motion. First, by signing the Appointment and Designation Form, each patient agreed to be ultimately responsible to Dr. Hopkin and/or Upper Valley Medical Practice for the balance due for any professional services rendered:

> I understand and agree that (regardless of whatever health insurance or medical benefits I have), I am ultimately responsible to pay [Healthcare Provider] . . . the balance due on my account for any professional services rendered and for any supplies, tests, or medications provided.

---

[1] There are two versions of this form, which was changed in November 2016. (Dkt. 16-1, ¶¶ 9-10.) It is undisputed that Dr. Hopkin is included in the definition of "Healthcare Provider" for the purposes of both forms. (*Id.* at ¶ 9.)

**MEMORANDUM DECISION AND ORDER- 8**

(Dkt. 9-1.) Second, the patients designated and appointed Dr. Hopkin and/or Upper Valley Medical Practice to serve as their beneficiaries:

> I hereby authorize payment of, and assign my rights to, any health insurance or medical plan benefits directly to Healthcare Provider for any and all medical/healthcare services, supplies, equipment, tests, treatments, and/or medications that ***have been or will be*** rendered or provided; as well as designating and appointing Healthcare Provider as my beneficiary under all health insurance or medical plans which I may have benefits under.

(*Id.*) (emphasis in original.) Third, the patients appointed and designated Dr. Hopkin and/or Upper Valley Medical Practice to act as their representative for the purpose of pursuing any remedies including legal action:

> I also hereby appoint and designate that Healthcare Provider can act on my/our behalf, as my/our Personal Representative, ERISA Representative, and PPACA Representative as to any claim determination, to request any relevant claim or plan information from the applicable health plan or insurer, to file and pursue appeals and/or legal action (including in my name and on my behalf) to obtain and/or protect benefits and/or payments that are due (or have been previously paid) to either Healthcare Provider, myself, and/or my family members as a result of services rendered by Healthcare Provider, and to pursue any and all remedies to which I/we may be entitled, including the use of legal action against the health plan, the insurer, or any administrator.

(*Id.*)

Relying on this language, Dr. Hopkin argues he was appointed to be each patient's beneficiary and representative and was specifically authorized in these capacities to pursue any and all remedies available including legal action. (Dkt. 19, p. 3.) Therefore, instead of bringing collection actions against his individual patients for unpaid medical services, Dr.

**MEMORANDUM DECISION AND ORDER- 9**

Hopkin argues he can use his representative status to bring an action against the Defendant. (*Id.*)

As explained more fully below, the Court finds that ERISA does not support any of Plaintiff's theories of statutory standing. ERISA is simply not the correct legal vehicle for Dr. Hopkin to use to address Defendant's alleged misconduct in: (1) denying certain claims retroactively after unilaterally determining they were not, in fact, covered and (2) seeking repayment through recoupment by withholding payment on wholly unrelated claims it recognizes as valid.

### B.     *A Health Care Provider's Direct and Derivative Standing under ERISA.*

ERISA allows plan participants and their beneficiaries to bring civil enforcement actions. 29 U.S.C. § 1132(a)(1), (3). A beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Generally, health care providers are not "beneficiaries" within the meaning of ERISA's enforcement provisions. *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 874 (9th Cir. 2017). "[P]ayment to a medical provider for services rendered is not properly termed a 'benefit' to the provider." *Id.* Healthcare providers, unlike beneficiaries, receive compensation for services rendered which is distinct from "the specific advantages provided to covered employees . . . as a consequence of their employment." *Id.* In short, "[h]ealth care providers' patients are . . . the ones who receive ERISA health benefits, not the providers themselves." *Id.* at 875.

**MEMORANDUM DECISION AND ORDER- 10**

Nevertheless, while healthcare providers do not have *direct* claims for benefits under ERISA, they may acquire *derivative* claims on behalf of their patients. "[A] non-participant health care provider . . . cannot bring claims for benefits on its own behalf. It must do so derivatively, relying on its patients' assignments of their benefits claims." *Spinedex*, 770 F.3d at 1289.

In this case, the parties agree that there has been no assignment. Instead, Dr. Hopkin contends he can sue Blue Cross of Idaho in another derivative capacity, as the plan participants' designated "beneficiary" and "representative." Despite the language of the parties' contract, the Court finds no support for Dr. Hopkin's argument under ERISA.

### C. *Dr. Hopkin Is Not a Direct Beneficiary under ERISA.*

Dr. Hopkin contends that he has authority to bring suit under ERISA as a beneficiary because the plan participants designated him as a plan beneficiary in the Appointment and Designation Form. (Dkt. 19.) In response, Blue Cross of Idaho argues Dr. Hopkin is not entitled to benefits under the health plan as intended by ERISA; therefore, the Court should follow the Ninth Circuit's decision in *DB Healthcare* wherein the court concluded that health care providers "do not have direct authority as beneficiaries to sue under ERISA § 502(a)(1)(B) or § 502(a)(3) to recover payment due them for services rendered, or otherwise to enforce the statute's protections." *DB Healthcare*, 852 F.3d at 875.

The Court finds *DB Healthcare* is controlling on this issue. Despite the language in the Appointment and Designation Form, Dr. Hopkin is not a "beneficiary" within the meaning of that term in ERISA. He is not, nor will he become, "entitled to a benefit" under the health plan. *See* 29 U.S.C. § 1002(8).

**MEMORANDUM DECISION AND ORDER- 11**

In *DB Healthcare*, the Ninth Circuit explained that "a payment to a medical provider for services rendered is not properly termed a 'benefit' to the provider." *DB Healthcare*, 852 F.3d at 874. The Court reached this conclusion after finding that "[t]he term 'benefit,' in context [of ERISA], quite evidently refers to the specific advantages provided to covered employees, as a consequence of their employment, for particular purposes connected to alleviating various life contingencies." *DB Healthcare*, 852 F.3d at 874. In further support, the Court held that the dictionary provided that "benefit" was "'[a] form of compensation, such as paid vacation time, subsidized health insurance, or a pension, provided to employees in addition to wages or salary as part of an employment arrangement.'" *DB Healthcare*, 852 F.3d at 874 (quoting *American Heritage Dictionary of the English Language* 168 (5th ed. 2011)).

Dr. Hopkin attempts to distinguish this case from *DB Healthcare* in two ways. First, Dr. Hopkin contends that *DB Healthcare* is not controlling because he is not bringing the claims at issue in this lawsuit as a healthcare provider but, instead, as a designated beneficiary and/or personal representative of his patients.

The Court rejects Dr. Hopkin's first argument. The Court simply cannot ignore the fact Dr. Hopkin is the healthcare provider even if he argues that he is bringing the claims at issue in his individual capacity.

As a matter of law, the Court finds that Dr. Hopkin is a party to the provider contract and, regardless, cannot ignore his status as a healthcare provider in this case. First, the provider contract is unambiguous in terms of its application to both Dr. Hopkin and Upper Valley Medical Practice. (Dkt. 6-3, p. 3.) Second, it is undisputed that Dr. Hopkin is the

**MEMORANDUM DECISION AND ORDER- 12**

owner and sole healthcare provider at the Upper Valley Family Practice. (Dkt. 19-15, ¶ 2.) Third, it is undisputed that Dr. Hopkin provided all of the medical procedures at issue. (Dkt. 9, ¶¶ 84, 87.) Fourth, it is undisputed that "[a]ll healthcare services that [Dr. Hopkin] . . . provided . . . [were] billed by the Clinic and under the tax ID number of the Clinic." (Dkt. 19-5, ¶ 3.) Fifth, it is undisputed that the Appointment and Designation Form, the very contract Dr. Hopkin relies upon to bring this suit as a beneficiary and/or personal representative, identifies him as "Healthcare Provider." (Dkt. 9-1.) Sixth, in this lawsuit Dr. Hopkin seeks to: (1) enjoin Blue Cross of Idaho from engaging in recoupment and (2) recover payment for the amounts Blue Cross of Idaho has withheld from Upper Valley Family Practice in recoupment. (Dkt. 9, p. 29.) Dr. Hopkin cannot both claim he is bringing these claims in his individual capacity while suing to recoup monies allegedly owed directly to him as a healthcare provider.

The Court also rejects Dr. Hopkin's second argument that, as a designated beneficiary, the benefit he seeks is the ability to pursue any and all rights on behalf of the plan participants regarding the health plan. This argument is not consistent with relief sought in the Complaint. Moreover, it is inconsistent with the language of ERISA as applied in *DB Healthcare.*

In short, no matter how Dr. Hopkin attempts to couch his claim or what type of benefits he claims to be pursuing as a beneficiary, he is not a beneficiary as that term is used in ERISA. Dr. Hopkin is pursuing compensation for medical services rendered. Even though Dr. Hopkin might have been designated as a "beneficiary" by his patients, he is not entitled to any "benefit" under any of the health plans at issue.

**MEMORANDUM DECISION AND ORDER- 13**

### D. Dr. Hopkin Is Not a Derivate Beneficiary as a Personal Representative.

The only type of derivative standing available under ERISA is with a valid assignment. *See DB Healthcare,* 852 F.3d at 874 ("A non-participant healthcare provider . . . cannot bring claims for benefits on its own behalf. It must do so derivatively relying on its patients' assignment of their benefits claims."); *Brown v. BlueCross Blue Shield of Tenn., Inc.*, 827 F.3d 543, 546 (6th Cir. 2016) (a "provider obtains derivative standing to sue under ERISA *only* when the patient actually convey[s] a valid assignment of benefits under the plan." (internal quotations omitted) (emphasis added).

Dr. Hopkin concedes that the Defendants have an anti-assignment clause in their health plans with his patients. (Dkt. 19, p. 10.) Nonetheless, he believes that the Appointment and Designation Forms in this case were drafted cleverly so as to avoid the anti-assignment clauses and still confer derivative standing to him. Rather than "assigning" their rights under the plans, Dr. Hopkin's patients designated him as their Personal Representative, ERISA Representative, and PPACA Representative. (Dkt. 19, p. 6.) As their personal representative and beneficiary, Dr. Hopkin attempts to bring the claims his clients would otherwise bring on their own behalf and then retain the compensation he believes he is owed.

There are two problems with Dr. Hopkin's argument. First, Dr. Hopkin is seeking to establish derivative standing without use of the term "assignment." By designating himself as a beneficiary and personal representative of his patients, what he is trying to do is stand in the shoes of his patients to obtain the benefits he claims are due under the plans. This is exactly what an assignment is and, while an assignment is clearly allowed under

**MEMORANDUM DECISION AND ORDER- 14**

ERISA and may confer derivative standing to a healthcare provider, it is undisputed that an assignment is not permitted by the plan documents at issue in this case.

Second, Dr. Hopkin's patients have not, in fact, been injured. Dr. Hopkin concedes that he has never billed the patients for the services rendered. Clearly, he wants to avoid that and simply bring the claims on their behalf. However, he cannot bring claims as the representatives of his clients when they have not, in fact, been billed for the services at issue.

Dr. Hopkin relies on 29 C.F.R. § 2560.503-1(b)(4) for support of his argument that, as a representative of the plan participants, he is entitled to all of the rights and privileges of the plan participants and beneficiaries and has derivative standing to bring a cause of action under ERISA that the plan participants could have otherwise brought against Defendant. (Dkt. 19, p. 13.) 29 C.F.R. § 2560.503-1(b)(4) provides: "[t]he claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination."

If Dr. Hopkin qualified as an authorized representative, he could pursue a benefit claim or appeal an adverse benefit determination on behalf of the plan participants under the claims regulations. However, this administrative authorization is different from the statutory standing required under the civil enforcement regulations of ERISA. The claims procedure regulations involve administrative remedies, not judicial remedies. As such, Dr. Hopkin reliance on 29 C.F.R. § 2560.503-1(b)(4) as support for his derivative authority to bring a civil enforcement action under ERISA is misplaced.

**MEMORANDUM DECISION AND ORDER- 15**

### E. Dr. Hopkin is Not a Fiduciary under ERISA.

Dr. Hopkin argues that by virtue of his designation as the plan participants' representative, he is also their fiduciary and has authority to sue Blue Cross of Idaho on behalf of the plan participants under 29 U.S.C. § 1132(a)(3). (Dkt. 19.) This argument is contrary to the definition of "fiduciary" set forth in ERISA.

ERISA defines "fiduciary' as follows:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management or such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Thus, the term "fiduciary" in ERISA refers to a fiduciary of the health plan, not of the participants or beneficiaries. Dr. Hopkin does not allege that he is a fiduciary to the health plan, instead relying on his alleged fiduciary relationship with the plan participants. Because this is not the type of fiduciary relationship contemplated by ERISA, Dr. Hopkin does not have statutory standing under ERISA to bring claims as a fiduciary.

### 2. Constitutional Standing

Because the Court finds Dr. Hopkin does not have statutory authority to bring any of his claims under ERISA it will not address the Motion to Dismiss for lack of constitutional standing.

**MEMORANDUM DECISION AND ORDER- 16**

## CONCLUSION

Dr. Hopkin does not have authority to bring these claims as he does not have derivative statutory standing as the plan participants' personal representative and he is not a beneficiary or fiduciary within the meaning of ERISA. Therefore, Blue Cross of Idaho's Motion to Dismiss is granted.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Blue Cross of Idaho's Motion to Dismiss (Dkt. 14) is **GRANTED**.

DATED: March 1, 2018

Edward J. Lodge
United States District Judge